No. 5310.

JAMES GARDINER VS. S. DEZUTTER AND S. SCHERER.

A sale of property by a person against whom a suit is pending, and on the eve of judgment being rendered therein, may be successfully attacked for simulation if other circumstances, superadded to this suspicious sale, favor the belief that the transfer of title was unreal.

APPEAL from the Sixth District Court of New Orleans.    SAUCIER, J.

*Tully* and *E. C. Kelly* for Plaintiff.    *Jonas* and *Grover* for Defendants Appellants.

The plaintiff recovered judgment of the defendant Dezutter for $2,750 on February 10, 1872.   The next day was Sunday, the 12th and 13th were holidays, the latter Mardi Gras.   On the 14th, Dezutter sold the only property he had, a house and lot on Rampart Street, to Scherer, the nominal price being $4,000, one-half of which was recited to be cash, and the other payable in one year.   This action is to annul the sale and to subject the property to the plaintiff's judgment.

Scherer immediately leased the property to a woman with whom Dezutter had long lived, and could give no satisfactory account of the rents — did not know who paid him.   Dezutter knew nothing about the mortgage note Scherer had given him for half of the price — could not say where it was.   This and other testimony was stated at length in the opinion, after which,

Herbert *vs.* Herbert.

MANNING, C. J.   It was urged in argument, if Dezutter sold his property to avoid the payment of this judgment, he was only exer-cising his legal right, since there is no law forbidding it.   Unhappily for the cause of public morals, there is no law rigorously preventing the alienation of property by a debtor in the face of an impending judgment, but the alienation must be real.   There must be no reser-vation expressed or implied.   The unreality and simulation of the alienation in this case is apparent at every stage of the proceedings.

It seems to be thought that a person, who desires to screen his property from the pursuit of his creditors, has only to give his alien-ation the semblance of verity, or to use the popular phrase, to put it in another's name, to baffle the efforts of those creditors to subject it to their claims.   We shall probably assist in dispelling this delusion. The law has been too recently announced by us in other cases, pre-senting similar questions, to be here repeated.   Nothing can be a stronger or more seductive invitation to a commission of fraud than its impunity, after repeated perpetrations under the forms of law.   Successful dishonesty encourages imitation, and repetition of acts by which the law is eluded saps public morals, and impairs the public conscience more than those by which the law is defied.   The judgment below was for the plaintiff.

*Judgment affirmed.*